UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VIRGINIA COLLEGE, LLC                                                                   PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:11CV682 DPJ-FKB

WARREN L. MARTIN, JR.; WARREN L.
MARTIN, JR., P.A.; KENYA R. MARTIN; AND
KENYA R. MARTIN, LLC                                                                  DEFENDANTS

ORDER

This tort action is before the Court on multiple motions by Defendants to dismiss [3, 18, 27, 54] and related motions for attorneys' fees [5, 57, 66] filed by both parties. The Court, having considered the submissions of the parties and the relevant authorities, concludes that Defendants' motions to dismiss should be granted in part and denied in part and the parties' motions for attorneys' fees should be denied.

I.      Facts and Procedural History

Plaintiff Virginia College, LLC, a post-secondary educational institution, filed this action against attorneys Warren L. Martin, Jr. and Kenya R. Martin and their respective law firms, asserting four causes of action: (1) defamation,[1] (2) abuse of process, (3) intentional interference with a business relationship, and (4) malicious prosecution. Virginia College complains that the Martins made misstatements regarding two of its programs—the surgical technology program and the practical nursing program—and improperly initiated a civil suit against it.

Virginia College bases its claims on three primary communications. First, it claims that Defendant Warren Martin stated to WLBT TV-3, "Our research has determined these kids were

---

[1] Plaintiff's defamation claim is only against Warren L. Martin, Jr. and Warren L. Martin, Jr., P.A. Compl. [1] at 5; Plaintiff's Mem. Resp. to Second Mot. To Dismiss [25] at 7 n.1.

actually charged by Virginia College for dorm and meal fees and there's no cafeteria and no dorm." Second, Warren Martin purportedly accused Virginia College's surgical technology program of not being properly accredited. Third, Virginia College maintains that Warren and Kenya Martin incorrectly told students enrolled in the practical nursing program that (1) the program would never receive accreditation, (2) it was being shut down, and (3) they should stop attending class and withdraw from the program. Virginia College avers that these statements were false and caused the loss of current and prospective students, prompting it to advance claims of defamation and intentional interference with business relationships.

In addition to these alleged statements, the Martins filed a lawsuit on behalf of students of the practical nursing program. But Virginia College insists that six of the named plaintiffs had terminated the Martins as legal counsel before suit was filed. This allegation forms the basis of Virginia College's malicious prosecution and abuse of process claims.

Through the filing of two motions to dismiss, a supplemental motion to dismiss, and a renewed motion to dismiss, the Martins urge dismissal of all claims. Plaintiff opposes the motions, and both parties seek attorneys fees and costs. The Court has subject-matter jurisdiction over the dispute and is prepared to rule.[2]

II.     Motion to Dismiss Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188

---

[2] Jurisdiction is not contested, and the Court, having reviewed Virginia College's corporate disclosure statement, is satisfied diversity of citizenship exists.

2

F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).[3]

The parties have submitted matters outside the pleadings, including affidavits, declarations, statements, and correspondence.  *See, e.g.*, Defs.' Mot. [3], Pl.'s Resp. [11].  Rule 12(d) provides as follows: "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  According to the Fifth Circuit, "Rule 12(d) gives a district

---

[3] Plaintiff also urges the Court to deny the Martins' renewed motion to dismiss because it was filed after their answer.  Even assuming the renewed motion should be considered a motion for judgment on the pleadings pursuant to Rule 12(c), the standard for deciding the motion is unchanged.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 330 n.8 (5th Cir. 2002) ("Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same.").

court 'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (1969); *Ware v. Associated Milk Producers, Inc*., 614 F.2d 413, 414–15 (5th Cir. 1980)). Before converting the motion, Virginia College asks the Court to allow discovery pursuant to Rule 56(d). This is not necessary, because the Court declines to exercise its discretion. Materials outside the pleadings will not be considered.

For this reason, the Court also rejects Defendants' fact-based arguments for dismissal. *See Martin K. Eby Constr. Co.*, 369 F.3d at 467 (noting the court must accept all well-pleaded facts as true at the Rule 12(b)(6) stage). Had the Court converted the motion under Rule 12(d) and considered the submitted materials, then it would have allowed discovery under Rule 56(d). But that would only further delay resolution of the repetitive motions to dismiss. It is more expeditious to apply the Rule 12(b)(6) standard and allow discovery to proceed.

III.   Analysis

    A.   Federal Rule of Civil Procedure 13(a)

Prior to Virginia College filing this action, the Martins filed an action against Virginia College in state court, which was removed to federal court, *Martin, et al. v. Virginia College, et al.*, Civil Action No. 3:11CV661CWR-LRA. The Martins assert that the claims in this case are compulsory counterclaims to that action pursuant to Federal Rule of Civil Procedure 13(a), which states:

> (a) Compulsory Counterclaim
>  (1) In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
>      (A) arises out of the transaction or occurrence that is the subject matter of

4

the opposing party's claim; and
(B) does not require adding another party over whom the court cannot acquire jurisdiction.

A party must state a compulsory counterclaim at the time of serving a "pleading." Rule 7(a) defines a "pleading" as a complaint; an answer to a complaint, counterclaim, crossclaim, or third-party complaint; and, if ordered by the court, a reply to an answer.

Here, Virginia College did not serve an answer or other pleading in the *Martin* matter. *Martin* was filed on August 1, 2011, and removed to federal court on October 21, 2011.[4] Virginia College sought, and received, an extension of time to answer the complaint. Meanwhile, the Martins sought, and received, a stay of the action pending a decision on their motion to remand. While the stay was in place, the parties reached an agreement, and Judge Carlton Reeves dismissed the action. Because "Rule 13(a) only requires a compulsory counterclaim if the party who desires to assert a claim has served a pleading" and Virginia College did not serve a pleading in the *Martin* matter, Defendants' argument is rejected. *United States v. Snider*, 779 F.2d 1151, 1157 (6th Cir. 1985).

B.   Defamation

The Martins argue that the statements to WLBT are not actionable because they were made in the course and scope of pending litigation. They rely exclusively on *Prewitt v. Phillips*, 25 So. 3d 397 (Miss. Ct. App. 2009) (granting motion to dismiss defamation action stemming from statements attached to a motion filed in a civil action). That decision from the Mississippi

---

[4] The procedural history of the *Martin* suit is undisputed. And the Court may take judicial notice of documents in the public record without converting the motion to dismiss to a motion for summary judgment. *See generally Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *R2 Investments LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005).

5

Court of Appeals notes that "[s]tatements made in connection with judicial proceedings, including pleadings, are, if in any way relevant to the subject matter of the action, absolutely privileged and immune from attack as defamation, even if such statements are made maliciously and with knowledge of their falsehood." *Id.* at 399 (citing *McCorkle v. McCorkle*, 811 So. 2d 258, 266 (Miss. Ct. App. 2001). But this case is easily distinguishable from *Prewitt* because Defendants allegedly made the offending statements to a television station and not within a pleading filed in court.

While the Martins argue the statements made to WLBT are not actionable because they were identical to the allegations contained in the *Blackmon v. Virginia College* complaint, they cite no authority to support the contention. And it appears that Mississippi would not extend protection once the statements are republished to the general public. One of the earliest cases adopting the litigation privilege in this state is *Lewis v. Black*, where the court noted that "[i]n all judicial proceedings . . . the parties are permitted to speak freely; and if they should ever make use of harsh expressions, they will not be liable to an action although the same words spoken on another occasion would be actionable." 27 Miss. 425 (1854) (citing *Kean v. M'Laughlin*, 2 Serg. & Rawle 469 (Penn. 1816)). Later, in *Netterville v. Lear Siegler, Inc.*, the Mississippi Supreme Court addressed the litigation privilege in the context of attorney disciplinary proceedings. 397 So. 2d 1109 (Miss. 1981). Although the context was different and subject to a state statute, the court expressly stated that its ruling was based in part on the common law, and it provided the following synopsis:

> Any person or legal entity filing such complaint shall be immune from any civil suit predicated thereon, so long as the statements are made within the course and framework of the disciplinary process and are reasonably relevant to the complaint.

6

*Id.* at 1113 (citing *Ramstead v. Morgan*, 219 Or. 383, 347 P.2d 594, 77 A.L.R.2d 481 (1959)).

The Court then concluded that the same statements lost their privilege if "circulated to persons who were not entitled to receive it." *Id.*

As stated, the context in *Netterville* is different, but the case is consistent with cases from many other jurisdictions holding that a statement made in the course of a judicial proceeding may lose absolute privilege when republished. *See Helena Chem. Co. v. Uribe*, 255 P.3d 367, 376 (N.M. 2001) (reversing finding of absolute privilege for statements made to news reporters despite argument that the statements related to the subject matter of the judicial proceeding); *Bochetto v. Gibson*, 860 A.2d 67, 72 (Pa. 2004) (reversing finding of judicial privilege in transmittal of complaint to a reporter) (citing *Pawlowski v. Smorto*, 588 A.2d 36, 41 n.3 (Pa. 1991) ("[E]ven an absolute privilege may be lost through overpublication . . . . In the case of the judicial privilege, overpublication may be found where a statement initially privileged because made in the regular course of judicial proceedings is later republished to another audience outside of the proceedings."); *Barto v. Felix*, 378 A.2d 927, 930 (Pa. 1977) (although allegations in attorney's brief were protected by judicial privilege, attorney's remarks concerning contents of brief during press conference were not likewise protected by privilege)). Taking Plaintiff's allegations as true, dismissal is inappropriate.

  C. Intentional Interference with Business Relations

"To succeed on a claim for intentional interference with business advantage, plaintiff must demonstrate that '(1) defendant's acts were intentional and willful; (2) defendant's acts were calculated to cause damage to plaintiff in his lawful business; (3) defendant's acts were done with unlawful purpose of causing damage and loss without right or justifiable cause on part

7

of defendant; and (4) actual damage and loss resulted.'" *Montalto v. Viacom Int'l, Inc.*, 545 F. Supp. 2d 556, 562 (S.D. Miss. 2008) (quoting *Christmon v. Allstate Ins. Co.*, 82 F. Supp. 2d 612, 615 (S.D. Miss. 2000)).

Here, Virginia College alleges that the Martins intentionally, or negligently, communicated false information to its students, prompting several students to withdraw from the college. Compl. [1] at 6–7. Defendants advance one argument for dismissal of this claim: "[b]ecause there was a legitimate agreement between the Martin Attorneys and their clients, any alleged interference is not actionable because the Martin Attorneys exercised a legitimate right to represent these clients." Renewed Mot. to Dismiss [54]. But Virginia College's allegations are not limited to students that were clients of the Martins. For example, Plaintiff avers that the Martins made representations to nursing students in general, not just clients, regarding accreditation and suspension of the program. Plaintiff also complains of statements to WLBT regarding room and board charges and accreditation. Because Plaintiff's allegations go beyond exchanges with clients, and the Court cannot accept Defendants' attorney-client privilege argument and finds the motions should be denied as to this claim.

D. Malicious Prosecution

Virginia College's malicious prosecution claim stems from the allegation that the Martins filed suit in state court on behalf of six students who had terminated the Martins as legal counsel. "The elements of malicious prosecution are: (1) the institution of a proceeding; (2) by, or at the insistence of the defendant; (3) the termination of such proceeding in the plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of the injury or damage as a result of the prosecution." *Perkins v. Wal-Mart Stores*,

*Inc.*, 46 So. 3d 839, 844 (Miss. Ct. App. 2010) (internal quotations omitted). When this suit was instituted, as the Martins point out, there had been no termination of a legal proceeding in Virginia College's favor. Thus, the malicious prosecution claim was not ripe and was due to be dismissed without prejudice. But Plaintiff has since supplemented its response to the motions to dismiss [80] and attached a copy of the Hinds County Circuit Court Order dismissing the *Bell* case with prejudice.[5]

The Court finds that the motions to dismiss should be granted. Plaintiff's malicious prosecution claim is dismissed without prejudice, but Plaintiff should be allowed to file an Amended Complaint within ten (10) days of entry of this Order to include facts regarding the termination of the *Bell* suit. *See Tuma v. Jackson Mun. Airport Auth.*, No. 3:09cv517–DPJ–FKB, 2012 WL 1229133, at *2 (S.D. Miss. Apr. 10, 2012) ("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.") (citation omitted).

E.   Abuse of Process

The abuse of process claim is based on the same allegation. "The elements of abuse of process are: (1) the party made an illegal use of the process, a use neither warranted nor authorized by the process, (2) the party had an ulterior motive, and (3) damage resulted from the

---

[5] In rebuttal [102], Defendants argue that the stipulation of dismissal is not a termination of the proceedings in favor of Plaintiff, but the authority they cite does not seem to support this contention. *See Joiner Ins. Agency, Inc. v. Principal Cas. Ins. Co.*, 684 So. 2d 1242, 1244– 45 (Miss. 1996) (noting that the requirement of termination may be satisfied by withdrawal or abandonment of claims, depending on the circumstances ).

9

perverted use of process." *Franklin Collection Serv., Inc. v. Stewart*, 863 So. 2d 925, 931 (Miss. 2003) (internal quotation omitted). In the Complaint, Virginia College alleges that (1) the Martins filed suit on behalf of six students they did not represent, (2) they did so maliciously and "with ulterior financial motives," and (3) as a result, Virginia College has suffered injury and damage. Compl. at 7–8. The Martins essentially deny these allegations and insist the claims pursued were "totally legitimate" and the students ceased representation only after the filing of *Bell* suit. Renewed Mot. to Dismiss [54] at 5; Mot. to Dismiss [3] at 9. But at the Rule 12(b)(6) stage, the Court must accept "all well-pleaded facts as truce, viewing them in the light most favorable to the plaintiff." Here, Plaintiff's "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief," and Defendants' motion to dismiss the abuse of process claim should be denied. *Iqbal*, 556 U.S. at 679.

      F.      Attorneys' Fees and Other Issues

The parties have filed hundreds of pages of material related to the dismissal of Plaintiff's claims — including motions to dismiss, supplement to motion to dismiss, renewed motion to dismiss, responses, supplements to responses, rebuttals, etc. The Court has endeavored to consider all of the materials; those arguments not specifically addressed in this Order have been considered but would not alter the ruling. That said, the Court will cover a few additional points.

In their motion to dismiss [3], Defendants insist that Virginia College has failed to join Raycom Media, Inc. and Raycom TV Broadcasting, Inc., the owner and operator of WLBT, as well as former clients of the Martins. But Defendants did not move to dismiss under Rule 12(b)(7) for failure to join a necessary party, did not cite any authority, and did not fully explore their contention. Therefore this argument is not properly before the Court. Moreover,

Magistrate Judge F. Keith Ball denied Defendants' motion [50] for leave to file third-party claims against Raycom and terminated Defendants' motion [41] for leave to file third-party claims against former students at counsel's request. *See* Order [74].

In their motion to dismiss the individual defendants [18], Defendants argue,

> None of the actions which give rise to any potential claim asserted by Plaintiff was committed by Warren L. Martin, Jr., Individually and/or Kenya R. Martin, Individually; to the contrary, the corporate defendants are responsible for all of the corporate activities including filing, prosecution, and litigating civil claims—absent a claim for piercing the corporate veil or fraud on the part of the officers.

Mot. [18] at 3. "It is well settled law that when corporate officers directly participate in or authorize the commission of a wrongful act, even if the act is done on behalf of the corporation, they may be personally liable." *Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1312 (5th Cir. 1991). In its Complaint, Virginia College alleges that Warren and Kenya Martin engaged in wrongful acts, thus dismissal on this ground is inappropriate.

Defendants seek an award of attorneys fees against Virginia College because its claims are frivolous, non-meritorious, and "without justification." Defs.' Mot. [5] at 10; *see also* Defs.' Renewed Mot. [57]. As explained above, Defendants' motions to dismiss are due to be denied. Plaintiff's claims survive at the 12(b)(6) stage and Defendants' requests [5, 57] for attorneys' fees are denied.

Similarly, Plaintiff seeks attorneys fees and costs associated with responding to Defendants' renewed motion to dismiss, second motion to dismiss, and supplement to first motion to dismiss —all of which were either redundant or prohibited by Rule 12(g)(2). Pl.'s Mot. [66]. Plaintiff takes issue with Defendants' filing multiple motions to dismiss; Defendants take offense to Plaintiff filing numerous responses and supplements. *See* Defs.' Mot. to Strike

[81]. While this history is frustrating and inappropriate, the Court exercises its discretion in finding that Plaintiff's motion for attorneys' fees [66] should be denied.

That said, these parties have a contentious history. The Martins have represented clients in at least four lawsuits against Virginia College. Warren Martin personally filed suit against Virginia College and its attorneys along with bar complaints. And Virginia College is now suing the Martins. The Court has been flooded with filings which for the most part have been duplicative and improper under the rules. Therefore, the parties are cautioned that each pleading they sign certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

IV.     Conclusion

Based on the foregoing, the Court rules as follows:

Defendants' motions to dismiss [3, 18, 27, 54] are granted as to Plaintiff's malicious prosecution claim and denied as to all other claims. As explained, Plaintiff has ten days from entry of this Order to file an Amended Complaint as to its malicious prosecution claim.

Defendants' motion for attorneys' fees and costs [5, 57] is denied.

Plaintiff's motion for attorney's fees and costs [66] is denied.

Defendants' motion to strike [81] Plaintiff's supplement to its response to Defendants' multiple motions to dismiss is denied. Plaintiff's supplement was considered by the Court.

Plaintiff's motion for leave to file surreply [124] is granted. The surreply attached to the motion was considered by the Court.

**SO ORDERED AND ADJUDGED** this the 12th day of July, 2012.

                                          s/ *Daniel P. Jordan III*
                                          UNITED STATES DISTRICT JUDGE