UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VIRGINIA COLLEGE, LLC                                                                                   PLAINTIFF

V.                                                                            CIVIL ACTION NO. 3:11CV682 DPJ-FKB

WARREN L. MARTIN, JR., ET AL.                                                                  DEFENDANTS

ORDER

This tort action is before the Court on Plaintiff's motion to exclude the testimony and strike the reports of two expert witnesses [177], Thomas A. Wicker and Larry Stamps. Defendants have responded in opposition. The Court, having considered the memoranda and submissions of the parties along with the pertinent authorities, finds that Plaintiff's motion should be granted.

I.    Facts and Procedural Background

Plaintiff Virginia College, LLC, a post-secondary educational institution, filed this action against attorneys Warren L. Martin, Jr. and Kenya R. Martin and their respective law firms, asserting four causes of action: (1) defamation, (2) abuse of process, (3) intentional interference with a business relationship, and (4) malicious prosecution. Virginia College complains that the Martins made misstatements regarding two of its programs—the surgical technology program and the practical nursing program—and improperly initiated a civil suit against it.

Plaintiff has moved to exclude the testimony and strike the reports of two of Defendants' expert witnesses, attorneys Wicker and Stamps. These attorneys, through their reports, lay out the legal standards applicable to Plaintiff's claims and offer their legal opinions as to the

culpability of the Martins.[1]  Virginia College submits that these reports and proposed testimony are impermissible legal conclusions and should be struck.  The Court agrees.

II.	Analysis

Pursuant to Federal Rule of Evidence 702, expert testimony is admissible if it "will assist *the trier of fact to understand the evidence or to determine a fact in issue*."  Fed. R. Evid. 702 (emphasis added).  Admittedly, Rule 704(a) provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue."  But neither Rule 702 nor Rule 704(a) allows an experts to offer legal conclusions.  *C.P. Interests, Inc. v. Cal. Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001); *see also Estate of Sowell v. United States*, 198 F.3d 169, 171–72 (5th Cir. 1999) (affirming exclusion of expert testimony as an inadmissable legal opinion); *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (affirming finding that expert's testimony was a legal opinion and inadmissable); *Jarrow v. Cupit*, No. CIV. A. 99-3539, 2000 WL 1537989, at *1 (E.D. La. Oct. 17, 2000) (excluding legal opinion testimony).

There is a difference between offering an opinion that may embrace the ultimate issue and offering a legal opinion that does nothing more than tell the trier of fact how to decide the ultimate issue.  Opinions that are "nothing more than legal arguments" are not admissible.  *Snap-Drape, Inc. v. Comm'r of Internal Revenue*, 98 F.3d 194, 198 (5th Cir. 1996) (affirming decision to strike expert testimony); *see also BNY Mellon, N.A. v. Affordable Holdings, Inc.*, No. 1:09CV226-SA-JAD, 2011 WL 2746301, at *1 (N.D. Miss. July 12, 2011) (excluding expert opinions on conclusions of law "because they do not assist the trier of fact in understanding the

---

[1]Plaintiff does not challenge the portion of Stamps's report that deals with the reasonableness and necessity of attorneys' fees.

evidence, instead merely telling the trier of fact what result to reach"). Defendants cited no contrary authority in response to Plaintiff's memorandum.

Applying these standards to the reports from Wicker and Stamps, it is clear that their opinions are inadmissible. Looking first to Stamps's report, he states in a conclusory manner that, under Mississippi law, there is no evidence to support a verdict that Defendants engaged in malicious prosecution or abuse of process. As to the intentional-interference-with-business-relations claim, Stamps lists the five elements of said claim, applies the law to the facts as they have been presented to him, and determines that Defendants' conduct does not satisfy the elements of the claim. Stamps sums up his report as follows:

> Careful analysis of the facts and events of this case reveals that the actions of Warren L. Martin, Jr.; Warren L. Martin, Jr., P.A.; Kenya R. Martin; and Kenya R. Martin, LLC did not fall within the legal standard of and they are not [sic] guilty of neither malicious prosecution, abuse of process nor intentional interference with business relations . . . .

Stamps's Report [178-2], Ex. B at 3. In closing, he recommends that "the claims . . . should be dismissed." *Id.* at 5.

Wicker focuses his report on the failure of Plaintiff's defamation claim. As pointed out by Plaintiff, his report reads like a motion for summary judgment. After reviewing the applicable law, Wicker ultimately opines that (1) there is no evidence that the Martins acted with actual malice, which is required to prevail on a defamation claim against a vortex public figure such as Virginia College; (2) the Martins' statements are subject to absolute and/or qualified privilege; and (3) Virginia College cannot establish an injury resulting from the alleged defamatory statements. Wicker Report [178-1], Ex. A.

3

The Court finds these expert opinions and reports constitute impermissible legal conclusions and argument that should be excluded. Expert testimony is admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. As this is a bench trial, the trier of fact is the undersigned, and the Court does not require an expert to apply the law to the facts, which is precisely what Wicker and Stamps endeavor to do. *See Snap-Drape, Inc.*, 98 F.3d at 198 (affirming exclusion of opinions that were "nothing more than legal arguments").

III. Conclusion

The issues raised in this motion are routine and require no hearing. Based on the foregoing, the Court finds Plaintiff's motion [177] is granted.

**SO ORDERED AND ADJUDGED** this the 17th day of December, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE