IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VIRGINIA COLLEGE, LLC                                                          PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:11cv682-DPJ-FKB

WARREN L. MARTIN, JR., et al.                                          DEFENDANTS

REPORT AND RECOMMENDATION

This cause is before the Court on the motions of Defendants Warren L. Martin, Jr.

and Warren L. Martin, Jr., P.A. (collectively referred to as Warren Martin) [343] and of

Plaintiff Virginia College, LLC [347], to enforce a settlement agreement and for other

relief.  Having considered the motions, responses, and replies, the undersigned

recommends the following findings and rulings.

An order of dismissal in this action was entered on February 25, 2013 [340],

following notification by the parties that they had reached a settlement.  In that order, the

Court stated as follows:

> If any party fails to comply with the terms of this settlement agreed to by
> all parties, any aggrieved party may reopen the case for enforcement of
> the settlement agreement.  If successful, all additional attorneys' fees and
> costs from this date shall be awarded such aggrieved party or parties
> against the party failing to comply with the agreement.  The Court
> specifically retains jurisdiction to enforce the settlement agreement.

Subsequently, the parties memorialized their settlement by entering into a Confidential

Settlement Agreement and Release on March 8, 2013.  The settlement agreement

resolved all claims in the present action as well as related unfiled claims and state-court

actions, including *Cordero Blackmon, et al. v. Virginia College at Jackson, et al.*, no. 251-

11-954 in the Circuit Court of the First Judicial District of Hinds County, Mississippi

(*Blackmon*).  In the agreement, Virginia College released Defendants herein, Warren L. Martin, Jr., Warren L. Martin, Jr., P.A., Kenya R. Martin, and Kenya R. Martin, LLC (the Martins) of all claims, of any kind, both past, present, and future.  The Martins likewise released Virginia College of all such claims which they might have against it.  In the agreement, the parties acknowledged that the *Blackmon* case would remain open for the purpose of determining the distribution of the settlement proceeds among the plaintiffs therein.[1]  An indemnity provision of the settlement agreement provided that the Martins would indemnify Virginia College for any costs and expenses, including attorneys' fees, arising out of any dispute or claim relating to the settlement.

On April 25, 2013, Defendants Kenya R. Martin and Kenya R. Martin, LLC (collectively referred to as Kenya Martin) filed a notice of attorney's lien in *Blackmon*. [343-3]. In the lien, Kenya Martin alleged that he was owed $30,000 for representation of the named plaintiffs in that action, as well as an additional $50,000 against Virginia College and Warren Martin.  Kenya Martin subsequently filed a motion in *Blackmon* seeking payment of the $80,000 [343-5].  State court hearings were held on the motion.  In these hearings, Kenya Martin initially claimed that the basis of the claim against Virginia College was an alleged side agreement, separate from the settlement agreement, wherein Virginia College's counsel agreed to pay him $50,000 out of the *Blackmon* settlement proceeds in settlement of a potential malicious prosecution claim by Kenya Martin against Virginia College.  He has subsequently withdrawn any claim against Virginia College and now

---

[1]Subsequently, the state court judge presiding in *Blackmon* appointed a special master for this purpose.

maintains that $50,000 is due to him solely from Warren Martin.[2]

By their present motions, Virginia College and Warren Martin seek to recover from Kenya Martin for their costs and expenses incurred in defending against the notice of attorneys' lien and motion in state court and in preparing the present motions. Additionally, Warren L Martin seeks an order "denying Kenya's claims for $50,000."[3]

Virginia College's claim is grounded in the indemnity provisions of the settlement agreement:

> The Martins agree that they will indemnify, defend, and hold Virginia College harmless from any and all liens, claims, demands, actions, causes of action, suits, damages, losses, costs and expenses of every origin, kind and nature whatsoever, incurred, or sustained, including attorneys' fees and attorney's liens, arising out of the Global Settlement described herein, including, but not limited to . . . any . . . dispute or claim relating to the settlement described herein and the full release of all claims described herein.

In the settlement agreement, Kenya Martin released Virginia College of any and all claims. Nevertheless, he sought additional money from Virginia College, causing Virginia College to incur expenses in defending against a claim which was asserted in violation of the settlement agreement. Thus, Virginia College's expenses in state court arose out of a dispute relating to the settlement and release. Furthermore, this court has jurisdiction over Virginia College's claim pursuant to the order of dismissal. For this reason, Virginia College is entitled to recover from Kenya Martin in this court its expenses incurred in

---

[2]This is Kenya Martin's position as set forth in his Motion for Determination of Attorneys' Fees, filed August 27, 2013, in the Blackmon action [343-9].

[3]At the time of the filing of the motions herein, the state court had not yet ruled on Kenya Martin's claims.

3

defending against the notice of lien and motion in the *Blackmon* action.

The Court is without jurisdiction, however, to consider Warren Martin's claim.  The settlement agreement did not address claims between Warren Martin and Kenya Martin. Because Warren Martin's claims do not involve enforcement of the settlement agreement, they do not fall within the jurisdiction retained by the court in its order of dismissal. Furthermore, Warren Martin has offered no other basis for federal jurisdiction. Accordingly, the relief sought by Warren Martin is denied.

The undersigned recommends that Virginia College be awarded its reasonable costs and expenses incurred in defending Kenya Martin's claims in state court.  To recover said costs and expenses, Virginia College should be directed to file an affidavit setting forth those costs and expenses.  The undersigned further recommends that Virginia College's request for costs for prosecuting the present motion be denied and that Warren Martin's motion be denied for lack of jurisdiction.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 30th day of January, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE