UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VIRGINIA COLLEGE, LLC                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:11cv682-DPJ-FKB

WARREN L. MARTIN, JR., ET AL.                                          DEFENDANTS

ORDER

This dispute over post-settlement conduct is before the Court on Defendant Warren L.

Martin, Jr.'s Motion for Settlement Enforcement [343] and Motion for Sanctions [344] along

with Plaintiff Virginia College, LLC's Motion to Enforce Settlement Agreement [347].  On

January 30, 2014, United States Magistrate Judge F. Keith Ball filed a Report and

Recommendation [353] recommending that the Court assess certain costs and expenses against

Plaintiff Kenya Martin in favor of Virginia College but that Warren Martin's motion be denied

for lack of jurisdiction.  Having fully considered the premises, the Court agrees.

I.      Background

Brothers Kenya and Warren Martin previously represented a large number Virginia

College's former students in state-court litigation, including claims raised in *Cordero Blackmon,*

*et al. v. Virginia College et al.*, pending in the Circuit Court for the First Judicial District of

Hinds County, Mississippi, before the Honorable Judge Tomie Green.  Virginia College later

sued the Martins in this Court asserting various claims based on their handling of that litigation.

The parties in this suit eventually achieved a global settlement of the federal-court claims

against the Martins along with the remaining state-court claims the Martins prosecuted for their

clients against Virginia College.  The parties signed a Confidential Settlement Agreement in

March 2013, and the Court entered an order of dismissal February 25, 2013, "specifically retain[ing] jurisdiction to enforce the settlement agreement."  Order of Dismisal [340].

The current dispute arose in April 2013, when Kenya Martin filed an attorney lien in the *Blackmon* litigation.  In it, Martin asserted a claim against Virginia College and/or his brother Warren Martin for $30,000.00 in attorney's fees associated with his representation of the *Blackmon* plaintiffs, and also seeking another $50,000.00 that did not appear to be part of his claim for fees.  Instead, Kenya Martin initially claimed that the money related to a side deal with Virginia College for the malicious prosecution of the Martins in federal court.

Believing that Kenya Martin had breached the settlement agreement related to the federal claims, Virginia College opposed the attorney lien in state court.  Kenya Martin thereafter amended his state-court pleadings, changing the description of his claim for the additional $50,000.00, and stating that it was actually for fees in *Blackmon* and nothing else.  Though he now seems to acknowledge that the initial notice sought money from Virginia College for something other than *Blackmon* fees, he points to this amended pleading and urges the Court to find that he never sought additional damages from Virginia College.

Both Warren Martin and Virginia College took issue with Kenya Martin's efforts and filed the pending motions.  On referral, Judge Ball concluded that the Court lacks jurisdiction to hear Warren Martin's motion to enforce; Virginia College is not entitled to its attorneys' fees for filing the present motion; but Virginia College is entitled to its expenses incurred in defending against the attorney lien in state court.

Neither Warren Martin nor Virginia College filed objections, so the R&R is adopted with respect to the first two recommendations as unopposed.  Had Kenya Martin done the same, the

2

Court would have simply adopted the R&R without further comment.  But Kenya Martin did object, and the Court must therefore reexamine the record, which paints a less than flattering picture.

II.      Analysis

Kenya Martin makes three primary objections:  (1) the Court lacks jurisdiction to hear Virginia College's motion; (2) the matter should not be reopened under Rule 60(b)(6); and (3) Judge Ball's conclusion that Kenya Martin breached the agreement is unsupported.  None of these arguments has merit.

A.      Jurisdiction

According to Kenya Martin, this Court "retained jurisdiction regarding the settlement agreement *as it specifically related to the case sub judice*."  Def.'s Objection [354] at 1 (emphasis in original).  He then argues that "[p]arties to settlement agreements cannot confer subject matter jurisdiction to federal courts, as such agreements are invalid as a matter of law." *Id*. at 3.

The most relevant portion of the Court's Order of Dismissal read:

> IT IS, THEREFORE, ORDERED that this case is hereby DISMISSED WITH PREJUDICE as to all parties. If any party fails to comply with the terms of this settlement agreed to by all parties, any aggrieved party may reopen the case for enforcement of the settlement agreement.  If successful, all additional attorneys' fees and costs from this date shall be awarded such aggrieved party or parties against the party failing to comply with the agreement.  The Court specifically retains jurisdiction to enforce the settlement agreement.

Feb. 25, 2013 Order [340].  District courts have jurisdiction to resolve breaches of settlement agreements when—as in this case—they expressly retain such jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994).  The parties were aware that the

Court would enter this Order, and jurisdiction exists to consider whether Kenya Martin breached the settlement agreement.[1]

       B.      Rule 60(b)(6)

Kenya Martin also argues that no exceptional circumstances exist to reopen the case under Rule 60(b)(6). But Virginia College is not asking that the case be reopened in the Rule 60(b) sense. It is seeking its fees for having to address an attorney lien that it believes was a breach of the settlement agreement. Kenya Martin cites no legal authority for his argument, which is not well-taken.

       C.      Whether the R&R is Supported by the Record

The key dispute is whether Kenya Martin asserted his lien to obtain $50,000.00 in attorneys' fees for his representation of the *Blackmon* plaintiffs, or whether he breached his settlement agreement by attempting to obtain the $50,000.00 in state court for claims he surrendered in federal court.

Judge Ball concluded that the $50,000.00 was originally sought in state court for Virginia College's alleged malicious prosecution in federal court, a claim Kenya Martin expressly waived in the settlement agreement. But according to Martin, this finding is "wholly unsupported by the documents within the *Blackmon* case." Def.'s Objection [354] at 1. According to him, his notice "merely [sought] a certain and specific allocation of the agreed upon funds in and for the *Blackmon* case [from his brother], as opposed to seeking 'additional money' from Virginia College as concluded by the Court." *Id.* at 2. While Martin may have eventually amended his

---

[1]It should be noted that this Order will not examine the fee dispute in *Blackmon*. As Judge Ball correctly concluded, the Court would lack jurisdiction to resolve that question. The sole issue is whether Kenya Martin violated the settlement agreement in the present case.

4

pleadings to meet his current description of the claim, there can be no real dispute that he forced

Virginia College to defend a claim in state court that he had already released in federal court.

As mentioned above, the settlement agreement resolved both Virginia College's federal

suit against the Martins and the state claims the Martins brought on behalf of their clients in

*Blackmon*.  As for the federal claims, the Martins agreed to release Virginia College from "any

and all" claims of every nature, expressly including claims for malicious prosecution.  It also

contained an indemnity agreement whereby the Martins agreed to indemnify Virginia College for

any costs and expenses, including attorneys' fees, arising out of any dispute or claim relating to

the settlement.

Finally, the agreement made clear that it precluded side deals.  For example, the

agreement "does not reflect the Parties' views as to rights, duties, or obligations of any kind other

than those expressly set forth herein."  Accordingly, "[n]o change or modification of this

Settlement Agreement shall be valid unless it is contained in writing and signed by the Parties."

Instead, the "Settlement Agreement constitutes the entire agreement between the Parties with

respect to the matters referenced herein, and supersedes any and all prior discussions,

agreements, and understandings, whether written or oral, between the Parties, with respect

hereto."

After signing the settlement agreement, the Martins exchanged April 23 emails in which

Kenya stated that he was "slighted out of $50,000" and is "considering filing some action before

Judge Green [in state court] . . . regarding the malicious suit which was filed against me in

federal court."  Def.'s Objection [354], Ex. "A" at 4.  Warren responded, "I totally disagree with

your contention, position and plan" and urged Kenya, "I think you should seriously rethink your position." *Id*. at 3.[2]

Two days later, Kenya filed his April 25, 2013, Notice of Attorney Lien that began this latest dispute.  In it, he sought $30,000 in fees for "services rendered in representation of all named Plaintiffs in [the *Blackmon*] action."  W. Martin Mot. [343],  Ex. "C" at 1.  But in a separate paragraph he sought an additional $50,000 from Virginia College and/or Warren Martin without telling Judge Green what that amount was for.  *Id*.  He did, however, state that he would "present proper evidence in support of this claim . . . ."  *Id*.  He also stated that "to the extent that Warren L. Martin, Jr. And/or Warren L. Martin Jr., P.A. (hereinafter WLMJR) have fully received all owing funds from the named Defendants in this action, then said request for payment is made exclusively and solely against WLMJR."  *Id*.[3]

Believing that Kenya Martin was raising a new claim, Virginia College objected to the notice on May 3, 2013, observing that the Martins released all claims against it in the federal case.  *Id*. Ex. "D" at 2.  A few weeks later, on July 19, 2013, Kenya Martin filed a Motion for Payment of Attorneys' Fees in state court, essentially repeating the statements in his notice but adding a demand for payment of "attorney's fees, costs, *compensation* and expenses in the aggregate amount of Eighty Thousand Dollars ($80,000.00)."  *Id*. Ex. "E" (emphasis added).

---

[2]If Kenya Martin believed that there was an issue with the settlement of the malicious prosecution claim in federal court, he should have brought it to this Court's attention rather than pursue it in state court.

[3]Kenya Martin now argues that this statement proves he never sought damages from Virginia College, but he has also explained that Virginia College tendered funds for both Martins into Warren Martin's trust account.  W. Martin Mot. [344], Ex. "I" at 2.  This language says nothing about the nature of the money Kenya Martin sought or whether it was indeed for attorneys' fees related exclusively to his *Blackmon* clients.

6

These pleadings are certainly consistent with Virginia College and Warren Martin's interpretation of them—that Kenya Martin was making a claim against Virginia College for something other than his fees in *Blackmon* (as he now contends).  And, of course, that is exactly what Kenya Martin said he would do just two days before filing the notice.  Def.'s Objection [354], Ex. "A" at 4 (email seeking $50,000.00 and stating that he is "considering filing some action before Judge Green . . . regarding the malicious suit which was filed against me in federal court").

According to Warren Martin and counsel for Virginia College, Kenya Martin soon confirmed the true nature of the $50,000.00 when he informed the special master in the state-court case that it was for a "side deal" Kenya had with Virginia College to settle his malicious prosecution claim.  *See* W. Martin Mot. [343] at 4.  Kenya has never attempted to rebut that description of the conversation, and it is completely consistent with his April 2013 email.  It also comports with a July 31, 2013 email to Warren demanding payment of the $50,000.00.  He wrote then that the money "represents the agreement that VC and/or ECA would pay me and my firm $50,000.00 to cover the expenses I incurred in defending against the bogus federal lawsuit filed against me." *Id*. Ex. "G" at 1.  And so there would be no misunderstanding that this demand *did not* relate to his *Blackmon* fees, Kenya Martin twice added that the payment "in no way waives my right to recover and collect one-half of the legal fees for any and all payments made to the Plaintiffs in *Blackmon*." *Id*.  So, at least as of July 31, Kenya Martin clearly viewed the $50,000.00 as a payment for damages he incurred related to *this* federal case and not as an award of fees in *Blackmon* as he now contends.

Kenya Martin has never explained these statements.  He instead relies on an amended notice he filed August 26, 2013, stating that the $50,000.00 is for fees associated with his representation of plaintiffs in *Blackmon*.  W. Martin Mot. [344], Ex. "H."  Significantly, the amended notice dropped Martin's attempt to obtain the $50,000 from Virginia College as part of a "side deal" to settle the malicious prosecution claim in this Court and instead asserted that the funds were "against the attorneys' fee portion of the settlement" in *Blackmon*.  *Id*.  The next day, Kenya Martin filed a Motion for Determination of Attorneys' Fees in which he further explained to Judge Green that his brother Warren—not Virginia College—agreed to pay him "the sum of Fifty Thousand Dollars ($50,000.00) in additional attorneys' fees, above and beyond his agreed upon 50% of the recoverable attorneys' fees" in the *Blackmon* case.  *Id*. Ex. "I" at 2.

In sum, Kenya Martin filed a notice seeking $50,000.00 from Virginia College and explained in more than one written and oral representation that the money was part of a "side deal" with Virginia College to settle the malicious prosecution claim in this federal case.  He repeatedly emphasized that the $50,000.00 was *not* for his fees in prosecuting the *Blackmon* case. Yet after Virginia College invoked its release agreement, Kenya Martin told Judge Green a completely different story, claiming then that the funds were actually based on an agreement with his brother—not Virginia College—to pay him an extra $50,000.00 of the *Blackmon* fees, rather than expenses incurred defending himself in federal court.

Despite all this, Kenya Martin now claims that Judge Ball's finding that he improperly brought a claim against Virginia College is "wholly unsupported by the documents within the *Blackmon* case."  Def.'s Objection [354] at 1.  While he may have eventually dropped that claim,

he ignores the fact that he pursued it from April to August and forced Virginia College to defend it.  Martin breached the agreement.

To be clear, this Court would not interfere with the fee dispute between Warren and Kenya Martin as it is now pleaded in Judge Green's case, and for that reason, it declines jurisdiction over Warren Martin's motion.  But as to Virginia College, Kenya Martin's initial pleadings in *Blackmon* violated the terms of his settlement agreement in this case and therefore justify sanctions in the form of reimbursement of costs and expenses.

III.    Conclusion

For the reasons stated, the Court adopts Judge Ball's Report and Recommendation [353] as the opinion of the Court.  Warren Martin's motions [343, 344] are denied.  Virginia College's motion [347] is taken under advisement.  Virginia College is given 10 days from the date of this order to submit an affidavit and appropriate evidence to support its claim for fees and expenses related to the state-court proceedings.  Kenya Martin shall have 14 days to respond, and Virginia College will have 7 days to reply.

**SO ORDERED AND ADJUDGED** this the 15th day of April, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE